| | |
|---|---|
| UNITED STATES OF AMERICA, | '07 APR -6 P1 :30 |
| Plaintiff, | |
| v. | Case No. 07-CR-31 (RTR) |
| JOSEPH J. CUMMINGS, | |
| Defendant. | |

# PLEA AGREEMENT

1. The United States of America, by its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, and John J. Manning, Assistant United States Attorney, and the defendant, Joseph J. Cummings, individually and by attorney Christopher D. Donovan, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

## CHARGES

2. The defendant has been charged in a one-count indictment, which alleges a violation of Title 18, United States Code, Section 922(a)(6).

3. The defendant has read and fully understands the charge contained in the indictment and fully understands the nature and elements of the crime with which he has been charged. He further acknowledges and agrees that the charge and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

### THE GRAND JURY CHARGES THAT:

1. On or about August 22, 2005, in Milwaukee County, in the State and Eastern District of Wisconsin,

### JOSEPH J. CUMMINGS,

in connection with his acquisition of two firearms from Badger Outdoors, Inc., 2339 South 43rd Street, Milwaukee, Wisconsin, a federally licensed firearms dealer, knowingly made a false and fictitious oral and written statement to Badger Outdoors, Inc., which was likely to deceive Badger Outdoors, Inc., as to a fact material to the lawfulness of the sale and acquisition of said firearms under the provisions of Chapter 44 of Title 18, United States Code.

2. In particular, in connection with the purchase of the firearms listed in paragraph three below, Joseph J. Cummings falsely stated on the Firearms Transaction Record (ATF Form 4473) that he was the actual buyer of the firearms when, in fact, as Cummings knew, he was purchasing the firearms for another person.

3. The firearms are described as a Hi-Point 9mm pistol, bearing serial number P12661044, and a Llama .45 caliber pistol, bearing serial number 710411864.

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable

doubt. The defendant admits to these facts and admits that these facts establish his guilt beyond a reasonable doubt:

During a review of recent offenses involving firearms in Milwaukee, ATF Task Force Detective Michael Simonis noted that Joseph Cummings reported a theft of guns on December 4, 2006, and a burglary of firearms on December 9, 2006. A review of multiple sales of handgun records revealed that Cummings purchased two handguns on August 22, 2005, and two handguns on August 10, 2006.

On December 10, 2006, Detective Simonis interviewed Joseph Cummings. Cummings admitted that he purchased eight firearms over the past several years. At first, Cummings stated that he never purchased firearms for anyone else, but then he admitted that he purchased two firearms for his friend, W.F., in August of 2005. Specifically, Cummings admitted that in August 2005, he purchased a Hi-Point 9mm pistol and a "Mini-max" .45 caliber pistol for W.F. from Badger Outdoors, a federally licensed firearms dealer. Cummings explained that he and W.F. went into Badger together. W.F. picked out two firearms and gave Cummings the money to purchase them on his behalf. Cummings purchased these firearms for W.F. because W.F. was barred from purchasing firearm himself due to a domestic violence conviction.[1] Cummings further admitted that he remembered answering "yes" to the question, "Are you the actual buyer of these guns?", when the truthful answer was "no". During the course of this interview Cummings also admitted that he purchased and sold a AK-47 to an unknown individual.

The Firearm Transaction Reports (ATF Form 4473) of Badger Outdoors, Inc., 2339 S. 43rd Street, show that Cummings bought a Hi-Point 9mm pistol, bearing serial number P12661044, and

---

[1] W.F. was convicted of domestic abuse battery in Milwaukee County on May 9, 1997, and received one year probation.

3

a Llama .45 caliber pistol, bearing serial number 710411864, on or about August 22, 2005. Question 12(a) asks: "Are you the actual buyer of the firearm(s) listed on this form?" Cummings falsely answered "yes." Cummings' false statement was likely to, and did in fact, deceive the firearms dealer as to the lawfulness of the sale of the firearms.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of or participation in this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum term of imprisonment and fine: 10 years and $250,000. The count also carries a mandatory special assessment of $100 and a possible term of 3 years of supervised release.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of False Statement to a Licensed Firearms Dealer as set forth in count one, the government must prove each of the following propositions beyond a reasonable doubt:

> First, that on August 22, 2005, the defendant knowingly made a false statement to a licensed firearms dealer;
> Second, that on August 22, 2005, the false statement was made in acquisition or attempted acquisition of a firearm; and
> Third, that the false statement was likely to deceive the firearms dealer as to the lawfulness of the sale of the firearm.

4

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of defendant's criminal history.

### Sentencing Guidelines Calculations

13. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that

5

the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is 12 under Sentencing Guidelines Manual §2K2.1(a)(7).

## Specific Offense Characteristics

16. The parties agree to recommend to the sentencing court that no adjustment for any specific offense characteristic is applicable to the offense level for the offense charged in count one.

## Acceptance of Responsibility

17. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility.

6

## Sentencing Recommendations

18. Both parties reserve the right to apprise the district court and the probation office of any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

20. The government agrees to recommend a sentence at the low end of the applicable sentencing guideline range, as determined by the court. The government will not oppose a sentence under Sentencing Guidelines Manual §§ 5C1.1.(c)(2) or (3).

## Court's Determinations at Sentencing

21. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

22. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

23. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

24. The defendant agrees that, during the period of any supervision (probation or supervised release) imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision.

### Special Assessment

25. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## DEFENDANT'S WAIVER OF RIGHTS

26. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

    a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be

8

     conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

  b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

  c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

  d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

  e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

27. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant

9

intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

28. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

29. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

30. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel.

## GENERAL MATTERS

31. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

32. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

33. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

34. The defendant understands that pursuant to the Victim and Witness Protection Act and the regulations promulgated under the Act by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

35. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in

connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

36. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

# ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 4-3-07

JOSEPH J. CUMMINGS
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 4-3-07

CHRISTOPHER D. DONOVAN
Attorney for Defendant

For the United States of America:

Date: 4-6-07

STEVEN M. BISKUPIC
United States Attorney

Date: 4-6-07

JOHN J. MANNING
Assistant United States Attorney

13